1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

ROBERT CATONE,

    Defendant.

CASE NO. 2:22-cr-00201-LK

PRELIMINARY ORDER OF
FORFEITURE

16    This matter comes before the Court on the Government's Motion for Preliminary Order of

17 Forfeiture, Dkt. No. 30, seeking to forfeit, to the United States, Defendant Robert Catone's interest

18 in the following property (the "Subject Property"):

19    a.    $48,033 in U.S. currency; and

20    b.    The following nine firearms, along with magazines and ammunition:

21        i.    One Winchester 12-gauge shotgun;

22        ii.    One Sig Sauer 5.56 caliber semi-automatic rifle;

23        iii.    One Daniel Defense 7.62 caliber semi-automatic rifle;

24        iv.    One Romak-Romarm Cugir 5.56 caliber semi-automatic rifle;

PRELIMINARY ORDER OF FORFEITURE - 1

1          v.        One Valmet Over/Under 12-gauge shotgun;

2          vi.       One HK .40 caliber semi-automatic pistol;

3          vii.      One Springfield Armory .45 caliber semi-automatic handgun;

4          viii.     One Taurus .45 caliber semi-automatic handgun;

5          ix.       One FN 9mm caliber semi-automatic handgun.

6       The Court, having reviewed the Government's Motion, as well as the other papers and

7  pleadings filed in this matter, hereby FINDS entry of a Preliminary Order of Forfeiture is

8  appropriate for the following reasons:

9       - On July 13, 2023, Mr. Catone pleaded guilty to Conspiracy to Distribute Controlled

10        Substances, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 846, a lesser

11        included offense of the charge contained in Count 1 of the Indictment, and to

12        Possession of a Firearm in Furtherance of a Drug Trafficking Offense, in violation

13        of 18 U.S.C. § 924(c)(1)(A)(i), as charged in Count 3 of the Indictment. Dkt. Nos.

14        1, 24.

15      - In his Plea Agreement, Mr. Catone agreed to forfeit his interest in any property that

16        facilitated or constituted proceeds of his commission of the lesser included offense

17        charged in Count 1, pursuant to 21 U.S.C. § 853, including the above-identified

18        currency and nine firearms, along with magazines and ammunition. Dkt. No. 24 at

19        9.

20      - In his Plea Agreement, Mr. Catone agreed to forfeit his interest in any firearms and

21        associated ammunition involved in his commission of the offense charged in Count

22        3, pursuant to 18 U.S.C. § 924(d)(1), by way of 28 U.S.C. § 2461(c), including the

23        above-identified nine firearms and associated ammunition. *Id.*

24

PRELIMINARY ORDER OF FORFEITURE - 2

- All of the above-identified property, i.e., the currency, firearms, magazines and ammunition, is forfeitable pursuant to 21 U.S.C. § 853 as property that facilitated, or constitutes proceeds of, Mr. Catone's commission of Conspiracy to Distribute Controlled Substances.

- The above-identified nine firearms and associated ammunition are forfeitable pursuant to 18 U.S.C. § 924(d)(1), by way of 28 U.S.C. § 2461(c), as property that was involved in Mr. Catone's commission of Possession of a Firearm in Furtherance of a Drug Trafficking Crime.

NOW, THEREFORE, THE COURT ORDERS:

1) Pursuant to 21 U.S.C. § 853, and 18 U.S.C. § 924(d)(1), by way of 28 U.S.C. § 2461(c), and his Plea Agreement, Mr. Catone's interest in the above-identified property is fully and finally forfeited, in its entirety, to the United States;

2) Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A)–(B), this Preliminary Order will be final as to Mr. Catone at the time he is sentenced, it will be made part of the sentence, and it will be included in the judgment;

3) The United States Department of Justice, the Federal Bureau of Investigation (FBI), and/or their authorized agents or representatives, shall maintain the Subject Property in their custody and control until further order of this Court;

4) Pursuant to Fed. R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n), the United States shall publish notice of this Preliminary Order and its intent to dispose of the Subject Property as permitted by governing law. The notice shall be posted on an official government website—currently www.forfeiture.gov—for at least thirty (30) days. For any person known to have alleged an interest in the Subject Property, the United States shall, to the extent possible, provide direct written notice to that person. The notice shall state

that any person, other than Mr. Catone, who has or claims a legal interest in the property must file a petition with the Court within sixty (60) days of the first day of publication of the notice (which is thirty (30) days from the last day of publication), or within thirty (30) days of receipt of direct written notice, whichever is earlier. The notice shall advise all interested persons that the petition:

    a.    shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property;

    b.    shall be signed by the petitioner under penalty of perjury; and,

    c.    shall set forth the nature and extent of the petitioner's right, title, or interest in the property, as well as any facts supporting the petitioner's claim and the specific relief sought.

5) If no third-party petition is filed within the allowable time period, the United States shall have clear title to the Subject Property, and this Preliminary Order shall become the Final Order of Forfeiture as provided by Fed. R. Crim. P. 32.2(c)(2);

6) If a third-party petition is filed, upon a showing that discovery is necessary to resolve factual issues it presents, discovery may be conducted in accordance with the Federal Rules of Civil Procedure before any hearing on the petition is held. Following adjudication of any third-party petitions, the Court will enter a Final Order of Forfeiture, pursuant to Fed. R. Crim. P. 32.2(c)(2) and 21 U.S.C. § 853(n), reflecting that adjudication; and,

//

//

//

//

PRELIMINARY ORDER OF FORFEITURE - 4

7)  The Court will retain jurisdiction for the purpose of enforcing this Preliminary Order, adjudicating any third-party petitions, entering a Final Order of Forfeiture, and amending the Preliminary Order or Final Order as necessary pursuant to Fed. R. Crim. P. 32.2(e).

Dated this 12th day of October, 2023.

Lauren King
United States District Judge

PRELIMINARY ORDER OF FORFEITURE - 5