UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:22-cr-00201-LK |
| Plaintiff, | FINAL ORDER OF FORFEITURE |
| v. | |
| ROBERT CATONE, | |
| Defendant. | |

This matter comes before the Court on the Government's Motion for a Final Order of Forfeiture as to $48,033 in U.S. Currency and Eight Firearms, Dkt. No. 50, seeking to forfeit to the United States Defendant Robert Catone's interest in the following property (the "Subject Property"):

    a.    $48,033 in U.S. currency; and

    b.    The following eight firearms, along with magazines and ammunition:

        i.    One Winchester 12-gauge shotgun;

        ii.    One Sig Sauer 5.56 caliber semi-automatic rifle;

        iii.    One Daniel Defense 7.62 caliber semi-automatic rifle;

FINAL ORDER OF FORFEITURE - 1

|   |   |   |
|---|---|---|
| iv. | One Romak-Romarm Cugir 5.56 caliber semi-automatic rifle; |
| v. | One Valmet Over/Under 12-gauge shotgun; |
| vi. | One HK .40 caliber semi-automatic pistol; |
| vii. | One Springfield Armory .45 caliber semi-automatic handgun; |
| viii. | One Taurus .45 caliber semi-automatic handgun.[1] |

The Court, having reviewed the Government's Motion, as well as the other papers and pleadings filed in this matter, hereby finds that entry of a Final Order of Forfeiture is appropriate for the following reasons:

- On October 12, 2023, the Court entered a Preliminary Order of Forfeiture finding the Subject Property forfeitable pursuant to 21 U.S.C. § 853 as property that facilitated or constitutes proceeds of Mr. Catone's commission of Conspiracy to Distribute Controlled Substances and forfeiting Mr. Catone's interest in it. Dkt. No. 35.

- In the Preliminary Order of Forfeiture, the Court also found that the above-identified firearms and associated ammunition were forfeitable pursuant to 18 U.S.C. § 924(d)(1), by way of 28 U.S.C. § 2461(c), as property involved in Mr. Catone's commission of Possession of a Firearm in Furtherance of a Drug Trafficking Crime, and forfeiting Mr. Catone's interest in them. *Id.*

- Thereafter, the United States published notice of the pending forfeiture as required by 21 U.S.C. § 853(n)(1) and Federal Rule of Criminal Procedure 32.2(b)(6)(C), Dkt. No. 42, and provided direct notice to seven potential claimants as required by Federal Rule

---

[1] The Government's motion does not address the FN 9mm caliber semi-automatic handgun, which was also preliminarily forfeited from Defendant Catone, because ancillary forfeiture proceedings to resolve a third-party claim to that handgun have occurred and the Government has agreed to return that firearm to the third-party claimant. Dkt. No. 50 at 2 & n.1; Dkt. No. 52 at 4–5.

FINAL ORDER OF FORFEITURE - 2

of Criminal Procedure 32.2(b)(6)(A), *see* Dkt. No. 51 at 2–4, 7–73; Dkt. No. 53 at 1–2, 5–9; and

- The time for filing third-party claims to the Subject Property has expired, and none were filed.

Now, therefore, the Court ORDERS the following:

1. No right, title, or interest in the Subject Property exists in any party other than the United States;

2. The Subject Property is fully and finally condemned and forfeited, in its entirety, to the United States;

3. The United States Department of Justice, Federal Bureau of Investigation, and/or their representatives, are authorized to dispose of the Subject Property in accordance with the law; and

4. The Court will retain jurisdiction for the purpose of enforcing the Final Order of Forfeiture as necessary pursuant to Federal Rule of Criminal Procedure 32.2(e)

IT IS SO ORDERED.

Dated this 18th day of July, 2024.

Lauren King
United States District Judge

FINAL ORDER OF FORFEITURE - 3